IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HATTIE FERGUSON                         *
                                        *
                                        *
v.                                      *       Civil No. – JFM-10-1470
                                        *
MARYLAND DEPARTMENT OF PUBLIC           *
SAFETY AND CORRECTIONAL SERVICES        *
                                     ******

# MEMORANDUM

Plaintiff has filed this action for employment discrimination against defendant. She claims that she was discriminated against (for reasons of race and retaliation) when she was not promoted to a supervisory position. Defendant has filed a motion to dismiss or for summary judgment. The motion has been fully briefed. It will be granted.

The question presented by defendant's motion is whether the 300 day period for plaintiff to file a claim with the Maryland Commission on Human Relations began when she initially learned that she did not receive the promotion to the supervisory position in question and that the position had been filled by another candidate (September 14, 2005) or the date on which she learned that the other person had been "promoted permanently" to the position (March 20, 2007).[1] Plaintiff filed her complaint with the Maryland Commission on Human Relations on August 1, 2007. Therefore, if the limitations period began to run from the former date, plaintiff's claim is untimely. If the limitations period began to run from the latter date, the claim is timely.

---

[1] In her complaint plaintiff also asserts claims under Article 49B, Section 16 of the Annotated Code of Maryland and SG Section 20-1013. Defendant has moved to dismiss these claims as well on the basis that Article 49B does not confer any private right of action and that SG Section 20-1013 does not create any private cause of action for claims of discrimination occurring before October 1, 2007. Plaintiff has not responded to defendant's contentions as to these claims, and the contentions appear meritorious. Therefore, plaintiff's claims under Article 49B and SG Section 20-1013 will be dismissed as well.

1

In fact, the person selected for the supervisory position in question was not "promoted" to that position on October 17, 2006. Rather, she was reclassified to the position, effective August 22, 2006, after she had performed the duties of the position for approximately one year. In any event, the act of discrimination about which plaintiff complains was that someone was selected over her prior to September 14, 2005, when she learned of the selection. That is the trigger date for the beginning of the running of the 300 day limitations period.[2]

A separate ruling effecting the ruling made in this memorandum is being entered herewith.

Date:   November 30, 2010        __/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[2] Defendant also argues, in the alternative, that plaintiff cannot prove that she was discriminated against during the selection process. Although that argument may be meritorious, it would be inappropriate to rule upon it until after discovery has been conducted (which it has not).