UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

January 11, 2012

Memo To Counsel Re:  Hattie Ferguson v. Maryland Department of Public Safety
Civil No. JFM-10-1470

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's motion for relief from judgment (document 35).  Recognizing that the Fourth Circuit presently has jurisdiction over the case, plaintiff requests that I state that I would grant her motion and, in that event, plaintiff would seek a remand of the action to this court.  I decline to make the statement plaintiff requests because I do not believe that the relief she seeks in her motion should be granted.

Plaintiff makes her motion under Fed. R. Civ. P. 60(b).  In order to prevail on such a motion, plaintiff must establish: "[(1)] timeliness, [2] a meritorious defense, [3] a lack of unfair prejudice to the opposing party, and [4] exceptional circumstances." *See Dowell v. State Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).  Plaintiff has established none of these things.

First, as to timeliness, plaintiff provides no explanation whatsoever as to why, when she initially filed her complaint (she was then represented by counsel) or while this case was pending on appeal for many months after this court had entered judgment against her, she did not make the argument that she now seeks to make: that the Maryland Commission on Human Relations refused to accept a charge of discrimination that she sought to file.  Second, plaintiff has not demonstrated that she has a meritorious claim because she has merely stated the elements of a *prima facie* claim for employment discrimination.  She has not shown in any way, in response to the motion to dismiss or for summary judgment filed by defendant, that she can present a triable issue of material fact as to whether the reasons articulated by defendant for not promoting her were pretextual.  Third, granting of the motion would cause prejudice to the defendant, not only in the legal sense that it would be difficult at this late date for defendant to establish the evidence necessary to prove its case but, more importantly in my judgment, for the entirely legitimate institutional reason that someone has now been serving for many years in the position that plaintiff claims should be hers.  Fourth, plaintiff presents no exceptional circumstances that would justify granting of the motion she requests.

For docketing purposes, I will order that plaintiff's motion for relief from judgment be denied.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge